IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTINE M. BELL d/b/a ALLEGIANCE MORTGAGE SERVICES<br><br>On Behalf of Herself And All Others Similarly Situated,<br><br>      Plaintiff,<br><br>      v.<br><br>FIRST GUARANTY MORTGAGE CORPORATION<br>d/b/a MetroMortgageOnline.com<br><br>      Defendant. | CIVIL ACTION<br>NO.: |

### DEFENDANT'S NOTICE OF REMOVAL

TO:    THE JUDGES OF THE UNITED STATES DISTRICT
         COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

Pursuant to 28 U.S.C. §§ 1441 and 1445, and Federal Rule of Civil Procedure 81(c), defendant First Guaranty Mortgage Corporation (hereinafter, "First Guaranty"), respectfully petitions for the removal of this action from the Court of Common Please for Chester County, Pennsylvania, to the United States District Court for the Eastern District of Pennsylvania, and in support thereof states as follows:

    1.    On or about September 20, 2005, plaintiff Christine M. Bell (d/b/a/ Allegiance Mortgage Services) (hereinafter, "plaintiff"), on behalf of herself and a state-wide class, limited to persons in Pennsylvania, initiated this action by filing a Complaint against defendant First

Guaranty in the Court of Common Pleas for Chest County, Case No. 05-07355. Plaintiff is a mortgage broker located in Chester County, Pennsylvania. Defendant is a mortgage lender located in McLean, Virginia.

2. On or about September 27, 2005, plaintiff, again on behalf of herself and a state-wide class limited to Pennsylvania, filed the First Amended Complaint. *See* First Amended Complaint attached hereto as Exhibit "A" at ¶ 19.

3. On or about February 15, 2007, plaintiff chose, this time on behalf of herself and a nation-wide class, to file a Second Amended Complaint. *See* Second Amended Complaint attached hereto as Exhibit "B" at ¶¶ 13, 18 (alleging that the subject fax advertisement was sent to telephone numbers throughout the country).

4. A copy of the Second Amended Complaint was purportedly served on counsel for First Guaranty on February 12, 2007 by U.S. First Class Mail. However, because the Second Amended Complaint was not filed until February 15, 2007, that is the earliest date upon which it could have been given notice of the substance of plaintiff's claims set forth therein. See 28 U.S.C. § 1446(b).

5. Plaintiff's Second Amended Complaint purports to state claims for an alleged violation of the Telephone Consumer Protection Act of 1991 (hereinafter, the "TCPA"), 47 U.S.C. § 227.

6. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) because plaintiff has pled a violation of the TCPA, 47 U.S.C. § 227. *See* Exhibit "B". S*ee also*, Brill v. Countrywide Home Loans, Inc., 427 F.2d 446, 450-52 (7th Cir. 2005) (holding that the TCPA does not provide for exclusive state jurisdiction and that

federal question jurisdiction is proper under the TCPA). Removal is therefore proper under 28 U.S.C. § 1441(b).

7. Although this Court had original jurisdiction over both plaintiff's original and First Amended Complaints under 28 U.S.C. §§ 1331 and 1332, First Guaranty did not petition for the removal of this action until the filing of plaintiff's Second Amended Complaint, wherein plaintiff chose to allege a nation-wide class. By deciding to do so, plaintiff has divested the Pennsylvania state court of jurisdiction over the case because only a federal court would have jurisdiction to certify a nation-wide class.

8. For purposes of removal, the courts "have read into the statute an exception for the case where the plaintiff files an amended complaint that so changes the nature of his action as to constitute 'substantially a new suit begun that day.'" Wilson v. Intercollegiate (Big Ten) Conference Athletic Ass'n, 668 F.2d 962, 965 (7th Cir. 1982) (Easterbrook, J.)

9. Here, plaintiff recently chose to substantially change the nature of the action, which effectively constitutes an entirely new case, by purporting to bring the Second Amended Complaint on behalf of a nation-wide class (as opposed to a Pennsylvania state-wide class, as alleged in the original and First Amended Complaints). Cases involving a nation-wide class alleging a violation of the TPCA can only be brought before federal courts which have jurisdiction to decide such nation-wide classes. *See e.g.*, Forman v. Data Transfer, Inc., 164 F.R.D. 400 (E.D. Pa. 1995) (Giles, C.J.) (denying a motion for class certification under the TPCA based upon the plaintiff's failure to meet the requirements of Federal Rule of Civil Procedure 23).

10. In accordance with 28 U.S.C. § 1446(b), this notice is timely filed within thirty (30) days after First Guaranty's receipt of the Second Amended Complaint, through service or

otherwise. A copy of this Notice of Removal shall promptly be served on counsel for plaintiff and filed with the Prothonotary of the Chester County Court of Common Pleas.

11. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of all process, pleadings, and orders served upon Defendant, First Guaranty, in the state court action are attached to this Notice of Removal. *See* Exhibit "C".

Dated: March 15, 2007

Respectfully submitted,

Carl W. Hittinger
Nicholas T. Solosky
**DLA Piper US LLP**
One Liberty Place
1650 Market Street, Suite 4900
Philadelphia, Pennsylvania 19103
215-656-2449 (p)
215-606-2149 (f)
carl.hittinger@dlapiper.com 1446

Attorneys for Defendant
First Guaranty Mortgage Corporation

## CERTIFICATE OF SERVICE

  I, Carl W. Hittinger, Esquire, certify that on this date, I served a true and correct copy of the foregoing Defendant's Notice of Removal upon the following counsel of record for plaintiffs by facsimile and first-class mail:

Ann M. Caldwell, Esquire
Caldwell Law Office LLC
108 W. Willow Grove Ave.
Suite 300
Philadelphia, PA  19118

Dated:  March 15, 2007

                Carl W. Hittinger