# Exhibit   A

THIS IS NOT AN ARBITRATION CASE
ASSESSMENT OF DAMAGES HEARING IS REQUIRED
JURY TRIAL IS DEMANDED

CALDWELL LAW OFFICE LLC
Ann M. Caldwell, Esquire
I.D. No. 42252
108 W. Willow Grove Avenue, Suite 300
Philadelphia, PA 19118
(215) 248-2030
(215) 248-2031 (fax)

IN THE COURT OF COMMON PLEAS
OF CHESTER COUNTY, PENNSYLVANIA

CHRISTINE M. BELL d/b/a
ALLEGIANCE MORTGAGE
SERVICES
1363 Laurelwood Road
Pottstown, PA 19465,

On Behalf Of Herself And All
Others Similarly Situated,

    Plaintiff,

v.

FIRST GUARANTY MORTGAGE CORPORATION
8180 Greensboro Drive, Suite 500
McLean, VA 22102,

    Defendant.

C.A. NO. 05-07355

CLASS ACTION

FILED '05 SEP 27 AM 10:19 OFFICE OF THE PROTHONOTARY CHESTER CO. PA.

## AMENDED CLASS ACTION COMPLAINT

Plaintiff, on behalf of herself and all others similarly situated, upon personal knowledge with respect to herself and her own acts, and upon information and belief with respect to all other matters, for her Complaint against Defendant First Guaranty Mortgage Corporation ("First Guaranty" or "Defendant") alleges as follows:

1.     This is a class action against Defendant seeking damages and declaratory and injunctive relief as a result of Defendant's violation of the Telephone

1

Consumer Protection Act of 1991 ("TCPA"), 47 U.S.C. §227, as amended by the Junk Fax Prevention Act of 2005 (effective July 9, 2005), and the Federal Communications Commissions regulations promulgated thereunder, 47 C.F.R §64.1200. Plaintiff seeks to represent a Class, as defined below, who were sent one or more faxed unsolicited advertisement(s) by or on behalf of Defendant.

2. Plaintiff is a mortgage broker with an office located in Chester County, Pennsylvania.

3. Defendant First Guaranty is full service mortgage lender licensed by the Pennsylvania Department of Banking. At all times material hereto, First Guaranty was engaged in business within the Commonwealth of Pennsylvania and within Chester County.

## FACTUAL BACKGROUND

4. The Telephone Consumer Protection Act of 1991, 47 U.S.C. §227 was intended to deal with the increasingly common nuisance of telemarketing. Section 227(b)(1)(C), as amended by the Junk Fax Prevention Act of 2005, prohibits the use of a telephone facsimile (fax) machine, or computer, or other device, to send an unsolicited advertisement to another facsimile machine unless:

(i) the unsolicited advertisement is from a sender with an established business relationship with the recipient;

(ii) the sender obtained the number of the telephone facsimile machine through –

(I) the voluntary communication of such number, within the context of such established business relationship, form the recipient of the unsolicited advertisement, or

(II) a directory, advertisement, or site on the Internet to which the recipient voluntarily agreed to make available its facsimile number for public distribution,

except that this clause shall not apply in the case of an unsolicited advertisement that is sent based on an established business relationship with the recipient that was in existence before the date of enactment of the Junk Fax Prevention Act of 2005 [enacted July 9, 2005] if the sender possessed the facsimile machine number of the recipient before the date of enactment; and

(iii)   the unsolicited advertisement contains a notice meeting the requirements under paragraph (2)(D), except that the exceptions under clauses (i) and (ii) shall not apply with respect to an unsolicited advertisement sent to a telephone facsimile machine by a sender to whom a request has been made not to send future unsolicited advertisements to such telephone facsimile machine that complies with the requirements under paragraph (2)(E).

5.   Section 227 (b)(2)(D) of the Act, referred to above, provides that the notice contained in an unsolicited advertisement complies with the requirements of subparagraph (b)(1)(C) only if --

(i)   the notice is clear and conspicuous and on the first page of the unsolicited advertisement;

(ii)   the notice states that the recipient may make a request to the sender of the unsolicited advertisement not to send any future unsolicited advertisements to a telephone facsimile machine or machines and that failure to comply, within the shortest reasonable time, as determined by the Commission, with such a request meeting the requirements under subparagraph (E) is unlawful;

(ii)   the notice sets forth the requirements for a request under subparagraph (E);

(iv)   the notice includes

(I)   a domestic contact telephone and facsimile machine number for the recipient to transmit such a request to the sender; and

3

        (II)    a cost-free mechanism for a recipient to transmit a request pursuant to such notice to the sender of the unsolicited advertisement; the Commission shall by rule require the sender to provide such a mechanism and may, in the discretion of the Commission and subject to such conditions as the Commission may prescribe, exempt certain classes of small business senders, but only if the Commission determines that the costs to such class are unduly burdensome given the revenues generated by such small businesses;

        (v)    the telephone and facsimile machine numbers and the cost-free mechanism set forth pursuant to clause (iv) permit an individual or business to make such a request at any time on any day of the week; and

        (vi)    the notice complies with the requirements of subsection (d).

      6.    Subsection (d), referred to in Section 227 (b)(2)(D) pertains to technical and procedural standards, and provides, in pertinent part, that it shall be unlawful for any person within the United States – (B) to use a computer or other electronic device to send any message via a telephone facsimile machine unless such person clearly marks, in a margin at the top or bottom of each transmitted page of the message or on the first page of the transmission, the date and time it is sent and an identification of the business, other entity, or individual sending the message and the telephone number of the sending machine or of such business, other entity or individual.

      7.    In addition, the TCPA authorizes the Federal Communications Commission (FCC) to adopt regulations defining the prohibited conduct and setting forth procedures for enforcement. 47 U.S.C. §227(b)(2) and (c)(2). The regulations are codified at 47 C.F.R. §64.1200 (2001). Those regulations, at 47 C.F.R. 68.318(d) provide, in pertinent part, as follows: "It shall be unlawful for any person within the United States to use a computer or other electronic device to send any message via a telephone facsimile machine unless such message clearly contains, in a margin at the

top or bottom of each transmitted page or on the first page of the transmission, the date and time it is sent and an identification of the business, or other entity, or individual sending the message and the telephone number of the sending machine or of such business, other entity, or individual. Telephone facsimile machines manufactured on or after December 20, 1992, must clearly mark such identifying information on each transmitted message."

8. Section 227 (b)(3)(C) provides for a private right of action to enjoin the unlawful conduct, and to recover for actual monetary loss from a violation, or to receive $500.00 in damages for each such violation, whichever is greater. This section also allows the Court to increase the $500.00 civil penalty to $1,500.00, if the Court finds that Defendant willfully or knowingly violated the section.

9. Title 47 U.S.C. §227 (a)(5) states: "The term 'unsolicited advertisement' means any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's express invitation or permission, in writing or otherwise."

10. The Federal Communications Commission ("FCC") has determined that the advertiser, in addition to the entity that actually transmitted the fax (if different), is ultimately liable for compliance with the ban on unsolicited facsimile advertisements and is liable for its conduct. See In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, 1995 WL 464817, 10 F.C.C.R. 12, 391 (F.C.C. 1995).

11. Although 47 U.S.C. §227 is a federal act, state courts and not the federal district courts have exclusive subject matter jurisdiction over private actions brought pursuant to the TCPA.

12. On August 22, 2005, Plaintiff received on her facsimile machine an unsolicited advertisement sent by or on behalf of Defendant. A true and correct copy

of the unsolicited advertisement received by Plaintiff is attached hereto as Exhibit A.

13. At no time has Plaintiff given her express invitation or permission to Defendant to transmit to her fax machine(s) the document attached hereto as Exhibit A, so that the fax is an unsolicited advertisement.

14. The fax attached hereto as Exhibit A does not contain a notice meeting the requirements of 47 U.S. C. § 227(b)(2)(D).

15. The fax attached hereto as Exhibit A was willfully and/or knowingly sent by or on behalf of Defendant.

16. The fax attached hereto as Exhibit A does not contain in a margin at the top or bottom of each transmitted page or on the first page of the transmission, the telephone number of the sending machine or of such business, other entity, or individual.

17. Upon information and belief, Plaintiff alleges that Defendant has faxed or caused to be faxed on its behalf, advertisements to Plaintiff and Class members who have never given express invitation or permission to Defendant.

18. Defendant's actions violate the TCPA and the Junk Fax Prevention Act, and Plaintiff and the Class are entitled to damages as outlined below.

## CLASS ACTION ALLEGATIONS

19. Plaintiff brings this action individually and as a class action pursuant to Rule 1701 et seq. of the Pennsylvania Rules of Civil Procedure. Plaintiff seeks to represent the following class:

> All persons or entities that are holders of telephone numbers in the Commonwealth of Pennsylvania to which a facsimile transmission was sent by or on behalf of Defendant at any time between September 20, 2001, to and including the present, substantively similar to the fax attached hereto as Exhibit A, or otherwise advertising First Guaranty Mortgage Corporation. Excluded from the class are Defendant, and its officers, directors, employees, agents, predecessors, successors, subsidiaries and affiliates (the 'Class').

Plaintiff reserves the right to amend the definition of the Class upon completion of class certification discovery.

20. A class action is the only practical means available for members of the class to recover the damages to which each is entitled, and to stop Defendant's unlawful conduct.

21. Identification of the members of the class can be ascertained in discovery of Defendant's database and/or from Defendant's other books and records and/or from the books and records of any other party which may have actually sent the unsolicited faxed advertisements to Plaintiff and to each Class member at the request of Defendant and on behalf of Defendant and/or provided fax numbers to Defendant.

22. The members of the Class are so numerous that joinder of them all is impracticable. Plaintiff believes that hundreds of Class members have been sent unsolicited advertisements to facsimile machines located within the Commonwealth of Pennsylvania by or on behalf of Defendant.

23. There are numerous and substantial questions of law and fact common to members of the Class which predominate over questions which may affect only individual members. These common questions, which will control this litigation and will predominate over any individual issues, include but are not limited to:

   a. whether Defendant sent unsolicited facsimile advertisements to the fax machine of Plaintiff and members of the Class without obtaining prior express permission or invitation;

   b. whether Defendant violated the TCPA and the Junk Fax Prevention Act by sending unsolicited facsimile advertisements to the fax machine of Plaintiff and Class members as to render them liable to the Class;

   c. whether Defendant's violations of the TCPA were willful and/or knowing and if so, whether the Court should award treble damages.

24. Plaintiff is a member of the Class she seeks to represent and her claims are typical of claims of the other members of the Class, since all members of the Class received one or more unsolicited faxed advertisements and all members of the Class are entitled to the same statutory relief as a result of receipt of unsolicited faxed advertisements in violation of law.

25. The liability of Defendant to pay damages to Plaintiff and to each member of the proposed class is based upon the identical statute, 47 U.S.C. §227, which applies both to Defendant and to Plaintiff as well as to every member of the proposed Class.

26. Plaintiff is well qualified to act as the Class Representative, and will fairly and adequately protect the interests of the other members of the Class. Plaintiff has no interests that are adverse or antagonistic to the interests of the other members of the Class. Plaintiff is committed to prosecuting this class action and has retained competent counsel experienced in litigation of this nature.

27. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Joinder of all class members is clearly impracticable. The likelihood of individual class members prosecuting separate claims is remote due to the amount of individual statutory damages available under the TCPA and the associated cost of pursuing an individual claim through formal litigation. The expense and burden of individual litigation make it unlikely that class members will individually seek redress for the wrongs done to them. It is desirable for all concerned to concentrate this litigation in this particular forum. Plaintiff envisions no difficulty in the management of this action as a class action, and this is a convenient and proper forum in which to litigate this case.

28. The prosecution of separate actions by individual class members would create the risk of varying and inconsistent determinations that could confront

8

Defendant with incompatible standards of conduct and which could prejudice non-parties to any adjudication or substantially impede their ability to protect their own interests because of the overriding common questions of law and fact involved in this matter.

29. This action will result in an orderly and expeditious administration of claims, and it will foster economies of time, effort and expense. This action will contribute to uniformity of decisions concerning Defendant's practices.

### FIRST CAUSE OF ACTION
(Violation of the Telephone Consumer Protection Act)

30. Plaintiff refers to and incorporates herein paragraphs 1 through 29 inclusive, as though fully set forth herein.

31. Defendant's conduct constitutes a violation of the TCPA, as amended by the Junk Fax Prevention Act, 47 U.S.C. §227(b)(1)(C) and (b)(2)(D), and FCC regulations, 47 C.F.R. §64.1200 (a)(3), which prohibit the use of a telephone facsimile machine, or computer, or other device, to send an unsolicited advertisement to another facsimile machine.

32. Defendant's conduct constitutes a violation of 27 U.S.C. § 227(d)(1)(B) and 47 C.F.R. 68.318(d), which requires that each fax contain an identification of the telephone number of the sending machine or of such business, other entity or individual.

33. Pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff and the members of the Class for damages for each statutory violation in the amount of $500.00. Additionally, the Court may, if appropriate, award three times that amount, or $1,500.00 per violation.

34. Pursuant to 47 U.S.C.§227(b)(3)(A), Plaintiff seeks to enjoin Defendant from violating the Act as described above.

9

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff on behalf of herself and all others similarly situated, prays for judgment against Defendant, and requests that the Court:

A. Certify this action as a class action;

B. Award statutory damages of five hundred ($500.00) dollars for each statutory violation to each member of the Plaintiff Class;

C. Award treble damages to the Plaintiff Class;

D. Enjoin Defendant from further violations of the TCPA;

E. Grant such other and further relief as the Court deems fair and proper under the circumstances.

The total claim in this action is for an amount in excess of arbitration limits.

Dated: September 23, 2005

Respectfully submitted,

*Ann M. Caldwell*

Ann M. Caldwell
Pa. I.D. No. 42252
**CALDWELL LAW OFFICE LLC**
108 W. Willow Grove Ave., Suite 300
Philadelphia, PA 19118
(215) 248-2030
(215) 248-2031 (fax)

**Attorney for Plaintiff and the Class**


# METRO MORTGAGE ONLINE

**NOW UNDER NEW MANAGEMENT**

Send in your package for a 48 HR APPROVAL

**100% STATED O/O** 620 score
**90% NO DOC** 680 score
**100% STATED N/O/O** 720 score
**95% STATED N/O/O** 620 score
**100% FULL N/O/O** 620 score
**100% FULL O/O** 580 score
**95% 3-4 UNITS** 660 score

# RUSH CLOSE YOUR LOAN BY AUGUST 31 2005!

INTEREST ONLY PRODUCTS ♦ MIN LOAN $80,000
E-MAIL CLOSINGS ♦ INSTANT PRE-APPROVALS

**MARC MISLEH**
*e-mail preferred*
mmisleh@metromortgageonline.com

## WWW.METROMORTGAGEONLINE.COM

FAX 1003 & CREDIT
**888-504-8059**

TO BE REMOVED FROM THIS FAX LIST
PLEASE SEND BACK WITH THE FAX NUMBERS TO BE REMOVED
PLEASE EXCUSE THE INCONVENIENCE

TO: Allegiance Mortgage Services    FROM: Metro Mortgage

# METRO MORTGAGE ONLINE.COM
8150 GREENSBORO DRIVE, #500
MCLEAN, VA 22102
866-887-3112

WWW.METROMORTGAGEONLINE.COM

MARC MISLEH
(FAX) 818-504-6859

## PRE-QUAL & LOAN SUBMISSION FORM
FAX 1003 & CREDIT FOR PRE-QUAL

| BROKER | |
|---|---|
| ADDRESS | |
| CONTACT PERSON | |
| PHONE # | |
| FAX # | |
| E-MAIL | |

| BORROWER | |
|---|---|
| CO-BORROWER | |
| ADDRESS | |
| LOAN AMOUNT | LTV |
| APPRAISAL | |
| PURCHASE PRICE | CLTV |

| PURCHASE ( ) | R/T REFI ( ) | C/O REFI ( ) |
|---|---|---|
| PRIMARY ( ) | SECOND HOME ( ) | INVESTMENT ( ) |
| SFR ( ) CONDO ( ) | UNITS ( ) | TOWN ( ) |
| FULL ( ) NIV ( ) | NO DOC ( ) | STATED / VERIFIED ASSETS / STATED / STATED ASSETS |

NOTES:

Moss Mantouski
8/22/05
+ Marc Misleh
Repeat fax after
lost case 8/4/05
+ paid judgements

## VERIFICATION

I, Christine M. Bell, d/b/a Allegiance Mortgage Services, Plaintiff herein, verify that the facts set forth in this Amended Complaint are true and correct to the best of my information and belief. I understand that false statements herein are made subject to the penalties of 18 Pa. C.S. § 4904, relating to unsworn falsification to authorities.

Date: September 23, 2005